**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GREGORY S. WORDEN, WSBA #24262
  E-Mail: Gregory.Worden@lewisbrisbois.com
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Telephone: 206.486.2028
Facsimile: 206.436.2030

Attorney for Plaintiff General Star National Insurance Company

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY,<br><br>                 Plaintiff,<br><br>       vs.<br><br>ASSET REALTY, LLC, d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; and CHAD BARRON STOREY, individually<br><br>                 Defendant. | No. 2:22-cv-1168<br><br>COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW, Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY ("Plaintiff" or "General Star"), who alleges and states as follows:

**JURISDICTION AND VENUE**

1. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C.

COMPLAINT FOR DECLARATORY RELIEF - 1

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

§§ 1332(a), 1441, and 1446. Specifically, this Court has federal diversity jurisdiction pursuant to § 1332 because: (1) the amount in controversy exceeds $75,000.00 exclusive of interest and costs; and (2) there is complete diversity between General Star, a Delaware corporation with its principal place of business in Stamford, Connecticut, on the one hand, and the defendants, who are either Washington business entities or Washington residents, on the other hand.

2.  Venue is proper in this District under 28 U.S.C. § 1391(a) because, upon information and belief, the majority of events giving rise to this claim occurred in this District.

**PARTIES**

3.  At all times herein mentioned General Star was a Delaware corporation with its principal place of business in Stamford, Connecticut.

4.  Plaintiff is informed and believes and based thereon alleges that ASSET REALTY, LLC, d/b/a CENTURY 21 NORTHWEST is and at all tines relevant to this action was a Washington limited liability corporation with its principal place of business in Kirkland, Washington.

5.  Plaintiff is informed and believes and based thereon alleges that CHAD BARRON STOREY is and at all tines relevant to this action was a citizen of Washington and a resident of Bellevue, Washington.

**NATURE OF ACTION**

6.  General Star issued a real estate errors and omissions insurance policy number NJA393649 (hereinafter "the Policy") to Asset Realty, LLC, d/b/a Century 21 Northwest. A true and correct copy of the Policy is attached hereto as Exhibit "A" and is incorporated herein by this reference.

7.  Asset Realty, LLC, d/b/a Century 21 Northwest and Chad Baron Storey were sued in the lawsuit styled *David J. Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest and Chad Barron Storey,* King County Superior Court Case No. No. 21-2-086665-1 ("the lawsuit"). A true and correct copy of the Complaint For Damages And Declaratory And Injunctive Relief in the lawsuit is attached hereto as Exhibit "B" and is incorporated herein by this reference.

COMPLAINT FOR DECLARATORY RELIEF - 2

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

8. General Star seeks a judicial declaration that it has no duty under the Policy to defend or indemnify Asset Realty, LLC, d/b/a Century 21 Northwest and Chad Baron Storey in the lawsuit.

## FACTUAL ALLEGATIONS

9. The lawsuit alleges that "Chad Barron Storey is the sole member and manager of Asset Realty LLC, and as such, controls its policies, activities, and practices."

10. The lawsuit alleges that Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest "regularly initiate or assist in the transmission of electronic text messages promoting Century 21 Northwest's commercial brand and real estate brokerage services."

11. The lawsuit alleges that Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest "have not obtained targeted recipients' clear and affirmative consent to receive commercial electronic text messages prior to initiating or assisting in the transmission of such messages to those recipients."

12. The lawsuit alleges that Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest "provided substantial assistance or support that enabled their agents, assistants, or proxies to formulate, compose, send, originate, initiate, or transmit unsolicited commercial electronic text messages to targeted recipients, including the Plaintiff knowing they intended to engage in these practices, which violate the CPA."

13. The lawsuit alleges that "Washington's CEMA prohibits 'any person' as that term is defined in RCW 19.190.070(1)(b) from initiating or assisting in the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular phone, unless the recipient has clearly and affirmatively consented in advance to receive such text messages. RCW 19.190.070(1)(b)."

14. The lawsuit alleges that Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest "initiated or assisted in the transmission of one or more unsolicited commercial electronic text messages to the Plaintiff and to putative class members without first obtaining those recipients clear and affirmative consent to receive such messages."

COMPLAINT FOR DECLARATORY RELIEF - 3

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

15. The lawsuit alleges that Chad Barron Storey's and Asset Realty LLC d/b/a Century 21 Northwest's acts and omissions in initiating or assisting in the transmission of one or more unsolicited commercial electronic text messages violated Washington's Commercial Electronic Mail Act (CEMA) RCW 19.190 et seq.

16. The lawsuit alleges that Chad Barron Storey's and Asset Realty LLC d/b/a Century 21 Northwest's acts and omissions in initiating or assisting in the transmission of one or more unsolicited commercial electronic text messages in violation of Washington's Commercial Electronic Mail Act (CEMA) resulted in a violation of Washington's Consumer Protection Act (CPA) RCW 19.86 et seq.

17. General Star is providing a defense to the lawsuit under a reservation of rights.

18. The General Star Policy provides limits of million each claim with a million general aggregate limit. The Policy provides in pertinent part:

### SECTION I – COVERAGE

(A) **Damages**

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages for Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company in writing during the **Policy Period** or applicable Extended Reporting Period, arising out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by an **Insured;** provided always that such act, error, omission or **Personal Injury** takes place:

1. During the **Policy Period;** or

2. Prior to the **Policy Period** provided that:
    a. Such act, error, omission or **Personal Injury** took place on or after the Retroactive Date as stated on the Declarations Page of this Policy; and
    b. At the Inception Date of this Policy no **Insured** had knowledge of any fact, circumstance, situation, act, error, omission or **Personal Injury** that may reasonably be expected to give rise to a **Claim(s) or Suit** against an **Insured.**

B. **Defense**

The Company shall have the right and duty to defend any **Claim** against the **Insured** seeking **Damages** to which this insurance applies even if any of the allegations of the **Claim** are groundless, false or fraudulent. However, the Company shall have no duty to defend the **Insured** against any **Suit** seeking **Damages** to which

COMPLAINT FOR DECLARATORY RELIEF - 4

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

this insurance does not apply. For **Claims** covered by this Policy, the Company, at its option, shall select and assign defense counsel; however, the **Insured** may engage additional counsel, solely at its own expense, to associate in the defense of any covered **Claim.** The **Insured** shall not assume any obligations, incur any costs, charges, or expenses or enter into any settlement without the Company's consent.

The Company shall also have the right to negotiate the settlement, as it deems expedient, but the Company shall not commit the **Named Insured** to any settlement without the **Named Insured's** consent. If the **Named Insured** refuses to consent to any settlement recommended by the Company, and elects to contest the **Claim** or continue any legal proceedings in connection with such **Claim,** then the Company shall be relieved of any further duty to defend the **Claim.** Thereafter, the Company shall have the right, but not the obligation, to withdraw from further defense of such **Claim** by tendering control of said defense to the **Insured.** The maximum amount the Company shall pay for **Damages** and **Claims Expenses** shall not exceed the amount for which the **Claim** could have been settled, including the **Claims Expenses** incurred or authorized by the Company up to the date of such refusal.

In no event shall the Company be obligated to pay **Damages or Claims Expenses** or to defend, or continue to defend, any **Suit** after the applicable Limit of Liability as stated on the Declarations Page has been exhausted by payments of **Damages or Claims Expenses.**

\* \* \*

### SECTION VII – EXCLUSIONS

The Company has no obligation under this Policy to pay **Damages or Claims Expenses** or to provide a defense in connection with any **Claim(s):**

A. Under any part of this Policy if based on or arising out of the following:
  1. Any:
     a. Dishonest, fraudulent, criminal, knowingly wrongful, willful, malicious or intentional act, error, omission or **Personal Injury;**
     b. Intentional misrepresentation; or
     c. Willful, intentional or knowing violation of the laws, statutes, rules or regulations (including, but not limited to the Racketeer Influenced and Corrupt Organizations Act (RICO), or other actual or alleged violations of state or federal anti-trust, price-fixing, restraint of trade or deceptive trade practice laws, rules or regulations).

  However, this exclusion shall not apply to strictly vicarious liability of an innocent **Insured,** whose conduct, as stated in this exclusion, was not committed by, at the direction of or with the knowledge of such innocent **Insured.**

COMPLAINT FOR DECLARATORY RELIEF - 5

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

The **Insured** shall reimburse the Company for all **Claim Expenses** incurred if the **lnsured's** acts, errors, omissions or **Personal Injury** are found to be a conduct stated in this exclusion.

\* \* \*

### SECTION VIII – DEFINITIONS

F. **Claim(s),** including **Claims** based on or arising out of **Lock Box, Open House or Fair Housing Discrimination,** means a demand for money, the filing of **Suit** or the initiation of arbitration or mediation proceedings naming the **Insured** and alleging an act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services.**

**Claim** does not include proceedings seeking injunctive or other non-pecuniary relief, or administrative proceedings before any national, state, regional or local board of real estate agents, or any committee or sub- committee, except as defined by **Supplementary Payment Requests** and made available in Paragraph A.2. of **SECTION VI - SUPPLEMENTARY PAYMENTS.**

\* \* \*

J. **Damages** means compensatory judgments, settlements or awards, but does not include punitive or exemplary damages, fines or penalties, sanctions, the return of fees or other consideration paid to the **Insured,** or that portion of any award or judgment caused by the trebling or multiplication of actual damages under federal or state law. **Damages** does not include matters uninsurable in the jurisdiction governing this Policy. **Damages** does not include **Claims Expenses.**

However, if a **Suit** is brought against an **Insured** with respect to a **Claim** for an alleged act, error, omission or **Personal Injury** falling within the scope of coverage afforded by this Policy, and such **Suit** seeks both compensatory and punitive or exemplary damages then the Company will afford a defense to such action without liability for payment of such punitive or exemplary damages.

\* \* \*

## EXCLUSION - RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW

This endorsement modifies insurance provided under the following:

**REAL ESTATE ERRORS AND OMISSIONS INSURANCE POLICY**

COMPLAINT FOR DECLARATORY RELIEF - 6

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

The following exclusion is added to Paragraph A. in **SECTION VII - EXCLUSIONS:**

The Company has no obligation under this Policy to pay **Damages** and/or **Claims Expenses** or to provide a defense, in connection with any **Claim(s)** under any part of this Policy if based on or arising out of the following:

**Recording and Distribution of Material or Information in Violation of Law**

1. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
2. The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
3. The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
4. Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS OF THIS POLICY REMAIN UNCHANGED.**

### FIRST CAUSE OF ACTION

(Declaratory Relief)

19. General Star incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. All of the claims alleged in the lawsuit arise out of allegations that Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest initiated or assisted in the transmission of one or more unsolicited commercial electronic text messages in violation of Washington's Commercial Electronic Mail Act (CEMA).

21. Coverage for all of the claims alleged in the lawsuit is therefore excluded by the **EXCLUSION - RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW** as that exclusion states "The Company has no obligation under this Policy to pay **Damages** and/or **Claims Expenses** or to provide

COMPLAINT FOR DECLARATORY RELIEF - 7

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

a defense, in connection with any **Claim(s)** under any part of this Policy if based on or arising out of the following: … Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information;" and Washington's CEMA statute is such a statute.

22. General Star has no duty to defend or indemnify Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest for claims asserted in the lawsuit.

23. General Star is entitled to cease defending Chad Barron Storey and Asset Realty LLC d/b/a Century 21 in the lawsuit.

24. To the extent it were shown that, as alleged in the lawsuit, Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest "provided substantial assistance or support that enabled their agents, assistants, or proxies to formulate, compose, send, originate, initiate, or transmit unsolicited commercial electronic text messages to targeted recipients, including the Plaintiff knowing they intended to engage in these practices, which violate the CPA," coverage would be excluded by exclusions A (1)(a) and (2) .

25. Some, or all, of the relief that may be granted if the lawsuit results in a judgment against Chad Barron Storey and/or Asset Realty LLC d/b/a Century 21 Northwest would fall outside the definitions of "Claim" or "Damages" as defined under the Policy, and General Star would have no duty to provide indemnification to the extent that a judgment against Chad Barron Storey and/or Asset Realty LLC d/b/a Century 21 Northwest falls outside the definitions of "Claim" or "Damages" as defined under the Policy.

26. Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest contend that they are entitled to coverage under the Policy for the claims alleged in the lawsuit.

27. There presently exists an actual controversy between General Star, on the one hand, and Defendants, on the other hand, as to whether there is coverage under the Policy for the

COMPLAINT FOR DECLARATORY RELIEF - 8

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1

claims alleged in the lawsuit.

28. Accordingly, a declaration of this court is necessary to determine the rights and obligations existing among General Star and the Defendants.

WHEREFORE, General Star prays for judgment against Chad Barron Storey and Asset Realty LLC d/b/a Century 21 Northwest:

1. For a declaration that General Star owes no duty to defend or indemnify Chad Barron Storey and/or Asset Realty LLC d/b/a Century 21 Northwest in the lawsuit, and that General Star is entitled to cease defending Chad Barron Storey and Asset Realty LLC d/b/a Century 21 in the lawsuit;

2. For costs of suit incurred herein; and

3. For such other and further relief as this Court may deem just and proper.

DATED: August 22, 2022

GREGORY S. WORDEN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
GREGORY S. WORDEN
Attorney for Plaintiff General Star

COMPLAINT FOR DECLARATORY RELIEF - 9

LEWIS BRISBOIS BISGAARD & SMITH llp
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4864-0075-6013.1