The Honorable David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASSET REALTY, LLC, d/b/a CENTURY 21 NORTHWEST, a Washington limited liability company; and CHAD BARRON STOREY, individually,<br><br>Defendants. | Case No. 2:22-cv-1168-DWC<br><br>DEFENDANT CHAD BARRON STOREY AND ASSET REALTY, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS |

**COMES NOW** defendants Chad Barron Storey ("Storey") and Asset Realty, LLC d/b/a Century 21 Northwest ("Asset Realty") (collectively "defendants") by and through their counsel of record and in answer to plaintiff's complaint plead as follows.

**JURISDICTION AND VENUE**

1. In answer to Paragraph 1 of the complaint, on information and belief, these answering defendants admit that jurisdiction is proper in this court.

2. In answer to Paragraph 2 of the complaint, on information and belief, these answering defendants admit that venue is proper in this court.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 1

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA 98119
(206) 228-2214

## PARTIES

3. In answer to Paragraph 3 of the complaint, on information and belief, these answering defendants admits the allegations therein.

4. In answer to Paragraph 4 of the complaint, these answering defendants admit the allegations therein.

5. In answer to Paragraph 5 of the complaint, these answering defendants admit the allegations therein.

## NATURE OF ACTION

6. In answer to Paragraph 6 of the complaint, these answering defendants admit plaintiff issued the identified insurance policy, but they deny that said policy is attached to plaintiff's complaint or that it is incorporated by reference into the complaint.

7. In answer to Paragraph 7 of the complaint, these answering defendants admit defendants were sued in the lawsuit styled *David J. Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest and Chad Barron Storey*, Pierce County Superior Court Case No. No. 21-2-086665-1 ("the Kovanen lawsuit"), but deny the Kovanen lawsuit was filed in King County or that a copy of the complaint in the underlying Kovanen lawsuit is attached to plaintiff's complaint.

8. In answer to Paragraph 8 of the complaint, these answering defendants admit that plaintiff's complaint requests the relief identified therein, but defendants deny plaintiff is entitled to such relief or any of the relief requested in its complaint.

## FACTUAL ALLEGATIONS

9. In answer to Paragraph 9 of the complaint, these answering defendants admit that plaintiff correctly quotes an allegation pleaded in the Kovanen complaint in the underlying lawsuit. Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 9 of the complaint.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 2

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA 98119
(206) 228-2214

10. In answer to Paragraph 10 of the complaint, these answering defendants admit that plaintiff correctly quotes an allegation pleaded in the Kovanen complaint in the underlying lawsuit. Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 10 of the complaint.

11. In answer to Paragraph 11 of the complaint, these answering defendants admit that plaintiff correctly quotes an allegation pleaded in the Kovanen complaint in the underlying lawsuit. Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 11 of the complaint.

12. In answer to Paragraph 12 of the complaint, these answering defendants admit that plaintiff correctly quotes an allegation pleaded in the Kovanen complaint in the underlying lawsuit. Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 12 of the complaint.

13. In answer to Paragraph 13 of the complaint, these answering defendants admit that plaintiff correctly quotes an allegation pleaded in the Kovanen complaint in the underlying lawsuit. Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 13 of the complaint.

14. In answer to Paragraph 14 of the complaint, these answering defendants admit that plaintiff correctly quotes an allegation pleaded in the Kovanen complaint in the underlying lawsuit. Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 14 of the complaint.

15. In answer to Paragraph 15 of the complaint, these answering defendants admit that the Kovanen complaint in the underlying lawsuit pleads the allegations asserted therein. Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 15 of the complaint.

16. In answer to Paragraph 16 of the complaint, these answering defendants admit that the Kovanen complaint in the underlying lawsuit pleads the allegations asserted therein.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 3

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA 98119
(206) 228-2214

Except as so expressly admitted, defendants deny any other allegation of fact or inference therefrom asserted in Paragraph 16 of the complaint.

17. In answer to Paragraph 17 of the complaint, these answering defendants admit that plaintiff has assigned defense counsel for defendants in the underlying lawsuit. Except as so expressly admitted, defendants deny the allegations of Paragraph 17, putting plaintiff to its proof.

18. In answer to Paragraph 18 of the complaint, these answering defendants admit that plaintiff correctly quotes certain provisions of the policy at issue. Except as so expressly admitted, defendants deny the allegations of Paragraph 18, putting plaintiff to its proof.

## PLAINTIFF'S FIRST CAUSE OF ACTION

(Declaratory Relief)

19. In answer to Paragraph 19 of the complaint, these answering defendants reallege and incorporate by reference their answers to Paragraphs 1 through 18 of the complaint.

20. In answer to Paragraph 20 of the complaint, these answering defendants deny the allegations therein, putting plaintiff to its proof.

21. In answer to Paragraph 21 of the complaint, these answering defendants deny the allegations therein, putting plaintiff to its proof.

22. In answer to Paragraph 22 of the complaint, these answering defendants deny the allegations therein, putting plaintiff to its proof.

23. In answer to Paragraph 23 of the complaint, these answering defendants deny the allegations therein, putting plaintiff to its proof.

24. In answer to Paragraph 24 of the complaint, these answering defendants deny the allegations therein, putting plaintiff to its proof.

25. In answer to Paragraph 25 of the complaint, these answering defendants deny the allegations therein, putting plaintiff to its proof.

26. In answer to Paragraph 26 of the complaint, these answering defendants admit the allegations therein.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 4

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA 98119
(206) 228-2214

27. In answer to Paragraph 27 of the complaint, these answering defendants admit the allegations therein.

## PLAINTIFF'S PRAYER FOR RELIEF

In response to plaintiff's prayer for relief, these answering defendants deny that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's requested relief is barred by estoppel due to plaintiff's bad faith.

2. Plaintiff's requested relief is barred by laches.

3. Plaintiff's requested relief is barred by waiver.

4. These answering defendants reserve the right to assert additional affirmative defenses as are later discovered or become relevant during the course of discovery and investigation.

## DEFENDANTS' COUNTERCLAIMS

COMES NOW, Chad Storey and Asset Realty, LLC (collectively "Counterclaimants") by and through their respective counsel, and they bring these counterclaims to General Star's complaint for declaratory relief.

### I. PARTIES

1.1 On information and belief, counterclaim defendant General Star is a Delaware corporation having a principal place of business in Stamford, Connecticut.

1.2 Counterclaim plaintiff Chad Storey is a citizen and resident of Bellevue, Washington.

1.3 Counterclaim plaintiff Asset Realty, LLC is a Washington limited liability company having a principal place of business in Kirkland, Washington.

### II. JURISDICTION AND VENUE

2.1 This Court has jurisdiction over the counterclaims under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds

$75,000. This Court also has jurisdiction under 28 U.S.C. § 1367 because these counterclaims are so related to claims in General Star's action for declaratory judgment that they form part of the same case or controversy.

2.2   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

### III.   FACTUAL ALLEGATIONS

3.1   Counterclaim defendant General Star issued a claims-made insurance policy, number NJA393549, to named insured Asset Realty, LLC dba Century 21 Northwest Realty with an inception date of May 9, 2021, and an expiration date of May 9, 2022, with a retroactive date of May 9, 2006 ("the Policy").

3.2   Counterclaimant Chad Storey is an insured on the Policy.

3.3   Counterclaimants were sued in the lawsuit styled *David J. Kovanen v. Asset Realty, LLC, d/b/a Century 21 Northwest and Chad Barron Storey*, King County Superior Court Case No. No. 21-2-086665-1, filed on December 10, 2021.

3.4   The Kovanen lawsuit pleads claims for (1) a declaration that defendants' conduct violated Washington's Consumer Electronic Mail Act ("CEMA") and Washington's Consumer Protection Act ("CPA"); (2) injunctive relief against further violations of CEMA; and (3) an award of actual and statutory damages, costs, and fees pursuant to RCW 19.190.040(1) (CEMA) and RCW 19.86.090 (CPA), and statutory treble damages pursuant to RCW 19.86.090.

3.5   The underlying Kovanen lawsuit does not allege that either Storey or Asset Realty knowingly violated either CEMA or the CPA.

3.6   Counterclaimants timely tendered the Kovanen lawsuit to their insurer, General Star.

3.7   The Policy provides that it will pay damages as follows:

A. **Damages**

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company in writing during the **Policy Period** or applicable Extended Reporting Period, arising out of

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 6

**STOLLE LAW GROUP, P.S.**
321 First Avenue West
Seattle, WA 98119
(206) 228-2214

any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by an **Insured;** provided always that such act, error, omission or **Personal Injury** takes place:

1. During the **Policy Period;** or

2. Prior to the **Policy Period** provided that:

    a. Such act, error, omission or **Personal Injury** took place on or after the Retroactive Date as stated on the Declarations Page of this Policy; and

    b. At the Inception Date of this Policy no **Insured** had knowledge of any fact, circumstance, situation, act, error, omission or **Personal Injury** that may reasonably be expected to give rise to a **Claim(s)** or **Suit** against an **Insured.**

3.8   The Policy also provides a defense benefit, which in pertinent part states:

B. **Defense**

The Company shall have the right and duty to defend any **Claim** against the **Insured** seeking **Damages** to which this insurance applies even if any of the allegations of the **Claim** are groundless, false or fraudulent. However, the Company shall have no duty to defend the **Insured** against any **Suit** seeking **Damages** to which this insurance does not apply. For **Claims** covered by this Policy, the Company, at its option, shall select and assign defense counsel; however, the **Insured** may engage additional counsel, solely at its own expense, to associate in the defense of any covered **Claim.** The **Insured** shall not assume any obligations, incur any costs, charges, or expenses or enter into any settlement without the Company's consent.

3.9   Important terms defined in the Policy are printed in bold text. These, include, but are not limited to, the terms "professional services," "claim," "personal injury," and "damages."

3.10   In pertinent part, the Policy defines the term "professional services" to include "solicitation of a client or customer for services which would result in payment of a fee, commission, or other compensation."  The underlying Kovanen lawsuit alleges text messages were sent soliciting the plaintiff for the insured counterclaimants' real estate services, which, if successful, would be expected to generate commissions.

3.11   In pertinent part, the Policy defines the term "claim" to include "a demand for money, the filing of suit…naming the Insured and alleging an act, error, omission or Personal Injury resulting from the rendering of or failure to render Professional Services."  The underlying

Kovanen lawsuit demands payment of money, either actual or liquidated damages, for each text message allegedly transmitted without the recipient's prior consent. The underlying Kovanen lawsuit asserts a claim or claims within the Policy definition of "claim."

3.12  In pertinent part, the Policy defines the term "damages" as "compensatory judgments, settlements or awards, but does not include punitive or exemplary damages, fines or penalties, sanctions, the return of fees or other consideration paid to the Insured, or that portion of any award or judgment caused by the trebling or multiplication of actual damages under federal or state law. The underlying Kovanen lawsuit seeks actual or liquidated damages against the insured counterclaim plaintiffs. Actual and liquidated damages are "damages" under the Policy.

3.13  By email dated February 2, 2022, General Star adjuster Dorthel Jelks wrote to Chad Storey ("the Jelks email"), stating that General Star would provide a defense to both Storey and Asset Realty against the Kovanen lawsuit. The Jelks email did not contain an express reservation of rights to later withdraw the defense.

3.14  The Jelks email denied a duty to indemnify under the Policy, asserting that the Policy 'would not provide indemnification as the damages sought in the lawsuit fall outside the definitions of "Claim" and "Damages" as defined under the policy.' That assertion was false and otherwise misrepresented the Policy provisions because the underlying Kovanen lawsuit pleaded "claims" for "damages" as those terms or defined in the Policy.

3.15  In the Jelks email, General Star also quoted the following exclusionary langauge in the policy:

> **SECTION VII - EXCLUSIONS**
> The Company has no obligation under this Policy to pay **Damages** or **Claims Expenses** or to provide a defense, in connection with any **Claim(s)**:
> A. Under any part of this Policy if based on or arising out of the following:
> 1. Any:
>    a. Dishonest, fraudulent, criminal, knowingly wrongful, willful, malicious or intentional act, error, omission or **Personal Injury**;

    b. Intentional misrepresentation; or

    c. Willful, intentional or knowing violation of the laws, statutes, rules or regulations (including, but not limited to the Racketeer Influenced and Corrupt Organizations Act (RICO), or other actual or alleged violations of state or federal anti-trust, price-fixing, restraint of trade or deceptive trade practice laws, rules or regulations).

However, this exclusion shall not apply to strictly vicarious liability of an innocent **Insured**, whose conduct, as stated in this exclusion, was not committed by, at the direction of or with the knowledge of such innocent **Insured**.

3.16    Exclusions A.1.a., b., and c. of the Policy apply only if the violation of an identified law, statute, or regulation is "willful, intentional or knowing." As such, these policy exclusions all require a degree of scienter, i.e., knowledge by the insureds that their alleged acts, errors, or omissions were legally wrongful.

3.17    The insured counterclaimants did not know that the conduct alleged in the underlying Kovanen lawsuit was legally wrongful.

3.18    The underlying Kovanen lawsuit does not allege the insured counterclaimants' knowledge that any alleged conduct was legally wrongful.

3.19    The Jelks email did not contain an express reservation of rights to withdraw its defense of the underlying Kovanen lawsuit.

3.20    On February 22, 2023, as a direct and proximate result of General Star's wrongful denial of indemnity coverage for the underlying Kovanen lawsuit, counterclaim plaintiff Asset Realty was forced to file for bankruptcy protection in the United States Bankruptcy Court for the Western District of Washington.

3.21    Because Storey does business through Asset Realty, its bankruptcy has resulted in severe financial losses and other financial distress to counterclaimant Storey.

3.22    Despite General Star's denial of indemnity coverage for the underlying Kovanen lawsuit, it assigned defense counsel to defend the Kovanen lawsuit, which is a putative class action. Having full control of the defense, General Star was required under *Tank v. State Farm* to retain competent defense counsel for the insureds. Yet, General Star assigned counsel with zero

experience in class action litigation, and the defendant insureds suffered severe harm in the litigation as a direct and proximate result. Only after counterclaimants insisted on the immediate assignment of experienced class action counsel or risk the potential for immediate and severe consequences in the Kovanen lawsuit, did General Star assign competent counsel for its insureds.

    3.23    On July 18, 2022, General Star "supplemented" the Jelks email with a formal reservation of rights letter, also ostensibly from Jelks ("the Jelks letter"). The Jelks letter repeated the false assertion that the Policy 'would not provide indemnification as the damages sought in the lawsuit fall outside the definitions of "Claim" and Damages" as defined under the policy.'

    3.24    Despite never reserving its rights in the Jelks email, General Star misrepresented that it had, and now asserted a "supplemental reservation of rights," citing an exclusion not cited in the prior correspondence, but present in an endorsement to the Policy:

**EXCLUSION – RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW**

This endorsement modifies insurance provided under the following:

**REAL ESTATE ERRORS AND OMISSIONS INSURANCE POLICY**

The following exclusion is added to Paragraph A. in **SECTION VII — EXCLUSIONS:**

The Company has no obligation under this Policy to pay **Damages** and/or **Claims Expenses** or to provide a defense, in connection with any **Claim(s)** under any part of this Policy if based on or arising out of the following:

**Recording and Distribution of Material or Information in Violation of Law**
1. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
2. The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
3. The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
4. Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS OF THIS POLICY REMAIN UNCHANGED.**

3.25    In the July 18, 2022, Jelks letter, General Star asserted the newly cited Violation of Law exclusion was a complete bar to coverage and any duty to defend its insureds in the Kovanen lawsuit. General Star did so, knowing that courts had already ruled the Violation of Law exclusion was ambiguous and/or was properly interpreted to be narrower than asserted by General Star.

3.26    Although the Jelks letter references that the Kovanen lawsuit pleads claims for violation of the Washington Consumer Protection Act, RCW 19.86 et seq. ("CPA"), the Jelks letter omits any analysis of coverage or a duty to defend the CPA claim under any exclusion or other provision of the Policy.

3.27    Contrary to General Star's assertions, the Violation of Law exclusion of the Policy does not bar either coverage or a duty to defend the Kovanen lawsuit.

3.28    Prior to the July 18, 2022, Jelks letter, General Star agreed to participate in mediation with the parties to the Kovanen Lawsuit in an effort to reach a global settlement. However, during the mediation in August 2022, General Star served the present declaratory action and withdrew all settlement offers with the apparent intent to cause the mediation to fail, which it did.

**IV.    FIRST COUNTERCLAIM – DECLARATORY JUDGMENT**

4.1    The allegations of paragraphs 1.1 through 3.28 are incorporated by reference, as if fully set forth herein.

4.2    A real and justiciable controversy exists concerning: (1) whether General Star has a duty to defend Counterclaimants against one or more of the claims in the Kovanen lawsuit, and (2) whether coverage exists under the Policy for defense and indemnity of the Kovanen lawsuit.

4.3    Pursuant to 28 U.S.C. § 2201, Counterclaimants are entitled to a declaration by this Court of their rights under the Policy, including (1) that General Star has a duty to defend one or more of the Kovanen claims asserted against each of the Counterclaimants; and (2) that

coverage for one or more of the Kovanen claims exists under the terms of the Policy for each of the Counterclaimants.

## V. SECOND COUNTERCLAIM – BREACH OF CONTRACT

4.4     The allegations of paragraphs 1.1 through 4.3 are incorporated by reference, as if fully set forth herein.

4.5     General Star breached the contract of insurance, the Policy, by failing to conduct a reasonable and good faith investigation of the insureds' tender and then wrongfully denying indemnity for the Kovanen lawsuit and effectively preventing Counterclaimant insureds from resolving the Kovanen lawsuit at an earlier stage.

4.6     As a direct and proximate result of General Star's breach of the insurance contract, Counterclaimants have been deprived of the benefits of the insurance coverage provided under the Policy.  Counterclaimants, and each of them, are entitled to a money judgment against General Star for the full amount of all fees and costs incurred from the breach, including but not limited to damages incurred by Counterclaimants when Asset Realty was forced to file for bankruptcy protection, and other fees, costs, and other losses arising from the Kovanen lawsuit for which Counterclaimants were entitled to indemnity under the provisions of the Policy, and/or were necessarily incurred as a proximate result of General Star's breach.

## VI. THIRD CAUSE OF ACTION – INSURANCE BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

4.7     The allegations of paragraphs 1.1 through 4.6 are incorporated by reference, as if fully set forth herein.

4.8     General Star owed Counterclaimants a duty of good faith and fair dealing, both at common law and pursuant to RCW 48.01.030.

4.9     Pursuant to General Star's duty of good faith and fair dealing, General Star was obliged to refrain from taking any action in claims handling, whether internally or through their outside coverage counsel, that was unreasonable, frivolous, or unfounded.  General Star was

likewise required to deal fairly with its insureds and give equal consideration to (and not put their own interests ahead of) their insureds' financial interests.

4.10   General Star breached the duty of good faith and fair dealing and committed insurance bad faith by conducting an unreasonable investigation of coverage and its duty to defend and, as a result, unreasonably failing or refusing to indemnity Counterclaimants against the Kovanen lawsuit and, at the least, deliberately creating uncertainty regarding its defense, where principles of policy construction, statutes, and governing case law dictate that General Star's coverage position is objectively unreasonable under the circumstances.  As such, General Star's denial was unreasonable, frivolous, or unfounded.

4.11   Among other things, General Star failed to duly consider whether the Kovanen lawsuit pleaded claims within the definition of "claim" in the Policy, whether the Kovanen lawsuit pleaded damages with the definition of "damages" in the Policy, whether the Kovanen lawsuit pleaded the defendants' allegedly wrongful conduct was "willful, intentional or knowing" for purposes of Exclusions A.1.a., b., and c. of the Policy, whether the Violation of Law exclusion is properly interpreted as ambiguous and/or narrower than General Star concluded, and whether any exclusion applies to bar the Kovanen CPA claim.  Each of these failures, whether singly or in combination, constitutes a breach of General Star's duty of good faith and fair dealing owed to every insured and constitutes insurance bad faith under applicable law.

4.12   As a direct and proximate result of General Star's breach of the covenant of good faith and fair dealing, General Star is liable to Counterclaimants, and each of them, for insurance bad faith, and Counterclaimants have suffered damages in an amount to be proven at trial.

### VII.   FOURTH CAUSE OF ACTION – NEGLIGENT CLAIMS HANDLING

4.13   The allegations of paragraphs 1.1 through 4.12 are incorporated by reference, as if fully set forth herein.

4.14　In investigating the insured Counterclaimants' tender, General Star and its agents owed Counterclaimants a duty of care to conduct the investigation in a diligent, thorough, competent, and professional manner, and in compliance with industry standards, applicable statutes, and insurance regulations.

4.15　General Star, through its agents, breached its duty of care to its insured Counterclaimants by failing to conduct a diligent, thorough, competent, and professional investigation of the insureds' tender, amounting to negligence, which resulted in General Star wrongfully denying the insured Counterclaimants indemnity of the Kovanen lawsuit, assignment of counsel not competent to defend the Kovanen lawsuit, and deliberately and wrongfully creating uncertainty regarding General Star's duty to defend the Kovanen lawsuit.

4.16　Due to General Star's negligent claims handling, Counterclaimants incurred monetary damages in an amount to be determined at time of trial.

## VIII. FIFTH CAUSE OF ACTION – VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86)

4.17　The allegations of paragraphs 1.1 through 4.16 are incorporated by reference, as if fully set forth herein.

4.18　General Star has violated WAC 284-30, et seq., by:

(a)　Misrepresenting pertinent facts or insurance policy provisions in violation of WAC 284-30-330(1) and WAC 284-30-350;

(b)　Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies in violation of WAC 284-30-330(3).

(c)　Refusing to accept Counterclaimants' tender for indemnity and creating uncertainty as to the defense of the Kovanen lawsuit without conducting a reasonable investigation in violation of WAC 284-30-330(4);

(d)　Compelling a first party claimant, Counterclaimants here, to initiate or submit to litigation, to recover amounts due under an insurance policy by offering substantially less (i.e.

zero) than the amounts ultimately recovered in such actions or proceedings in violation of WAC 284-30-330(7);

(e) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim in violation of WAC 284-30-330(13); and

(f) Failing to complete a reasonable investigation of Counterclaimants' tender of defense and indemnity within a reasonable time in violation WAC 284-30-370.

4.19   Violation of one provision of WAC 284-30, et seq., is a violation of the Washington Consumer Protection Act (CPA), RCW 19.86 et seq., entitling Counterclaimants, and each of them, to actual damages and exemplary damages as set forth in the CPA for each violation, along with attorneys' fees and costs.

4.20   Counterclaimants, and each of them, have incurred damages as a result of General Star's violations of the CPA in an amount to be determined at time of trial.

## IX. SIXTH CAUSE OF ACTION – VIOLATION OF THE INSURANCE FAIR CONDUCT ACT

4.21   The allegations of paragraphs 1.1 through 4.20 are incorporated by reference, as if fully set forth herein.

4.22   Counterclaimants have provided General Star with statutory notice in accordance with RCW 48.30.015(8)(a).

4.23   General Star has unreasonably denied Counterclaimants' claim for coverage and/or payment of benefits under the Policy for defense and indemnity of the Kovanen lawsuit, in violation of RCW 48.30.015(1).

4.24   Counterclaimants, and each of them, have incurred actual damages proximately caused by General Star's unreasonable denial of coverage and/or payment of benefits under the Policy.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 15

**STOLLE LAW GROUP, P.S.**
321 First Avenue West
Seattle, WA 98119
(206) 228-2214

4.25   General Star has violated one or more of the WAC provisions listed in RCW 48.30.015(a)(b) & (d), entitling Counterclaimants to a multiplier on their actual damages proximately caused by General Star's unreasonable denials and violations of pertinent WAC provisions, along with Counterclaimants' reasonable costs and attorney's fees.

## VI.   PRAYER FOR RELIEF

THEREFORE, having pleaded their counterclaims against General Star, Counterclaimants Chad Barron Storey and Asset Realty, LLC request the Court grant the following relief:

A.   That this Court declare and decree that coverage exists for defense and indemnity of the Kovanen lawsuit under the terms of the Policy;

B.   That this Court declare and decree that General Star breached the Policy by failing to conduct a reasonable and good faith investigation of coverage under the Policy;

C.   That this Court declare and decree that General Star breached the covenant of good faith and fair dealing and are liable to Counterclaimants for insurance bad faith;

D.   That this Court declare and decree that General Star violated the insurance claims handling regulations of the Washington Administrative Code 284-30, *et seq.*, which constitutes a violation of Washington's Consumer Protection Act;

E.   That this Court declare and decree that General Star is estopped from asserting defenses to coverage not identified in the Jelks email;

F.   That this Court declare and decree that General Star is estopped from asserting any defenses to coverage as a remedy for its bad faith;

G.   That this Court award Counterclaimants their actual damages incurred for General Star's breaches of the Policy, common law insurance bad faith, negligent claims handling, violations of the Washington Consumer Protection Act, and violation of the Washington Insurance Fair Conduct Act;

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 16

**STOLLE LAW GROUP, P.S.**
321 First Avenue West
Seattle, WA  98119
(206) 228-2214

1    H.  That this Court award Counterclaimants treble their actual damages up to $25,000
2 for each violation of the Washington CPA;

3    I.  That this Court award Counterclaimants treble their actual damages under the
4 Washington Insurance Fair Conduct Act;

5    J.  That this Court award Counterclaimants their reasonable attorneys' fees and costs,
6 including, without limitation, actual attorneys' fees pursuant to *Olympic Steamship Co. v.*
7 *Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), the CPA, and IFCA; and

8    K.  For such further relief as the Court deems just, proper, and equitable.

9 Dated this 17th day of August 2023.

**STOLLE LAW GROUP, P.S.**

*/s/Steven A. Stolle*
Steven A. Stolle, WSBA No. 30807
321 First Avenue West
Seattle, WA 98119
Tel. (206) 228-2214
Email: sstolle@stollelawgroup.com
*Attorneys for Defendant Chad Barron Storey*

**JAMES E DICKMEYER PC**

*/s/James E. Dickmeyer*
James E. Dickmeyer, WSBA No. 14318
PO Box 2623
Kirkland, WA 98083-2623
(425) 889-2324
Email: jim@jdlaw.net
*Attorneys for Defendant Asset Realty, LLC*

# CERTIFICATE OF SERVICE

I, Steven A. Stolle, hereby certify that on August 17, 2023, I electronically filed this document with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff General Star National Insurance Company*

Gregory S. Worden
LEWIS BRISBOIS BISGAARD & SMITH LLP (SEATTLE)
1111 Third Ave., Suite 2700
Seattle, WA 98101
Tel.: (206) 436-2020
Fax: (206) 436-2030
Email: Gregory.Worden@lewisbrisbois.com

☐ U.S. Mail
☐ Hand Delivery
☐ Telefax
☒ CM/ECF
☐ E-mail

Rebecca R. Weinreich
LEWIS BRISBOIS BISGAARD & SMITH LLP (Los Angeles)
633 W. 5th St., Suite 4000
Los Angeles, CA 90071
Tel.: (213) 580-7973
Email: Rebecca.weinreich@lewisbrisbois.com

☐ U.S. Mail
☐ Hand Delivery
☐ Telefax
☒ CM/ECF
☐ E-mail

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 17th day of August, 2023.

*s/Steven A. Stolle*
Steven A. Stolle

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
(2:22-CV-1168-DWC) - 18

STOLLE LAW GROUP, P.S.
321 First Avenue West
Seattle, WA 98119
(206) 228-2214