UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASSET REALTY LLC dba CENTURY 21 NORTHWEST, CHARD BARRON STOREY,<br><br>Defendants. | CASE NO. 2:22-CV-1168-DWC<br><br>ORDER ON MOTION TO INTERVENE |

Currently pending before the Court is Century 21 Real Estate LLC's Motion to Intervene as Defendant and Counterclaim-Plaintiff. Dkt. 49.[1] After considering the relevant record, the Motion to Intervene (Dkt. 49) is granted.

**I.    Background**

Plaintiff General Star National Insurance Company ("General Star") initiated this action for declaratory relief on August 22, 2022. Dkt. 1. General Star issued an insurance policy to Defendant Asset Realty LLC d/b/a Century 21 Northwest ("Asset Realty"). Dkt. 1. Defendants

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the currently named parties have consented to have this matter heard by the undersigned Magistrate Judge.

ORDER ON MOTION TO INTERVENE - 1

1    Asset Realty and Chad Barron Storey were named as defendants in a lawsuit filed in the Pierce

2    County Superior Court – a Washington State court ("underlying lawsuit"). *See id*. General Star is

3    currently defending Defendants in the underlying action and has filed this lawsuit seeking a

4    determination that it has no duty to defend and indemnify Defendants in the underlying action

5    under the terms of the insurance policy. *Id*.

6           On September 25, 2023, the plaintiffs in the underlying action filed a first amended

7    complaint adding Century 21 Real Estate LLC ("Century 21") as a defendant. Dkt. 51 at 5-33.

8    Century 21 has a franchise agreement with Asset Realty. Under the franchise agreement, Asset

9    Realty is required to name Century 21 as an additional insured on all insurance policies listed

10   and maintained by Asset Realty. Dkt. 49; *see also* Dkt. 52 at 30. Century 21 tendered the defense

11   to General Star and, on October 6, 2023, General Star agreed to defend Century 21 under a full

12   reservation of rights. *See* Dkt. 63-1.

13          On October 2, 2023, Century 21 filed the Motion to Intervene seeking to intervene as a

14   defendant and counterclaim-plaintiff in this action. Dkt. 49. The Motion to Intervene has been

15   fully briefed. *See* Dkts. 49, 62, 64.[2]

16          **II.     Legal Standard**

17           Under Federal Rule of Civil Procedure 24(a)(2), "[o]n timely motion, the court must

18   permit anyone to intervene who . . . claims an interest relating to the property or transaction that

19   is the subject of the action, and is so situated that disposing of the action may as a practical

20   matter impair or impede the movant's ability to protect its interest, unless existing parties

21   adequately represent that interest." Thus, an applicant is entitled to intervention as of right upon

22

---

23          [2] The Court notes that, on August 11, 2023, General Star filed a Motion for Summary Judgment. Dkt. 35.
     Defendants Asset Realty and Storey filed a Cross-Motion for Summary Judgment and Response on September 5,
24   2023. Dkt. 39.

ORDER ON MOTION TO INTERVENE - 2

a four-part showing: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "In general, courts construe Rule 24(a) liberally in favor of potential intervenors." *Ctr. for Biological Diversity v. United States Env't Prot. Agency*, 2009 WL 10727789, at *2 (W.D. Wash. Oct. 5, 2009) (citing *Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir. 1995)).

### III. Discussion

Century 21 moves to intervene as a matter of right under Rule 24(a)(2). Dkt. 49. Asset Realty and Storey do not object to Century 21 intervening in this matter. Dkt. 50, Kiel Dec., ¶¶ 2-3. General Star opposes the Motion and argues only that Century 21 interests are adequately represented by Asset Realty and Storey (factor 4) and, therefore, intervention is not proper. Dkt. 62. As such, the Court finds General Star concedes Century 21 has shown factors 1-3 of the four-part test warrant intervention. Therefore, the only issue before the Court is whether Century 21 has shown factor 4 – whether Century 21's interests are adequately represented by the existing parties in the lawsuit – has been met.

To evaluate the adequacy-of-representation element, courts in this circuit consider three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to

ORDER ON MOTION TO INTERVENE - 3

the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "The burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *See Berg*, 268 F.3d at 823 (9th Cir. 2001) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

Here, the Court has considered the three factors of the adequacy-of-representation element and finds Century 21 has shown its interests may not be adequately represented by Asset Realty or Storey. Century 21 may attempt to assert arguments in this case that have not been raised, nor are capable of being raised, by Asset Realty and Storey. For example, Century 21 asserts it was not an active participant in the conduct alleged in the underlying action and, thus, the exclusionary policy language General Star relies on to deny coverage would not exclude coverage for Century 21. *See* Dkts. 49, 64. Arguments, such as this, were not raised in the motions for summary judgment, which have been fully briefed. *See* Dkts. 35, 39. Moreover, Century 21 asserts both Asset Realty and Century 21 have an interest in securing the $1 million policy limits of the General Star policy. *See* Dkts. 49, 64. And, Asset Realty must indemnify Century 21 in connection with the underlying action. *See* Dkts. 49, 64. Thus, the parties' interests are potentially in conflict.

Based on the record before the Court, Asset Realty and Storey will not make all of Century 21's arguments, Asset Realty and Storey may not be capable and willing to make arguments that are favorable to Century 21, and Century 21 may be able to provide arguments that Asset Realty and Storey cannot advance. Considering the factors, Century 21 has shown its interest are not adequately represented by the existing parties in the lawsuit.

As General Star conceded the first three factors favor intervention and as Century 21 has shown the fourth factor weighs in favor of intervention, the Court finds Century 21 has shown it is entitled to intervention as a matter of right under Rule 24(a).

### IV.   Indispensable Party

Now that the Court has concluded Century 21 is entitled to intervene as a matter of right, the Court must determine whether it has subject matter jurisdiction over the parties. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (holding that "[t]he court has a continuing obligation to assess its own subject-matter jurisdiction, even if the issue is neglected by the parties"). However, before the Court can determine if jurisdiction has been divested by Century 21's intervention, Century 21 must have an opportunity to decline consent to a U.S. Magistrate Judge presiding over this case. *See* 28 U.S.C. § 636(c). Therefore, the Court will not address issues related to subject matter jurisdiction until Century 21 has been provided with a notice of assignment to a U.S. Magistrate Judge and a declination of consent form.

### V.   Conclusion

For the above stated reasons, Century 21's Motion to Intervene (Dkt. 49) is granted and Century 21 shall be added as an intervening defendant and counterclaim-plaintiff. The Court declines to decide any additional matters, including the pending motions and whether Century 21 is an indispensable party, until after Century 21 has been provided with the notice of assignment to a U.S. Magistrate Judge and declination of consent form.

The Court directs the Clerk to send the Notice of Assignment to U.S. Magistrate Judge and Declination of Consent form to Century 21. The deadline to return the declination of consent shall be November 27, 2023.

ORDER ON MOTION TO INTERVENE - 5

The Court also directs the Clerk to ensure the docket correctly reflects that Century 21 is an intervening defendant and counterclaim-plaintiff in this matter and re-note all pending motions (Dkts. 35, 39, 53) to December 1, 2023 to allow adequate time for Century 21 to consider the declination of consent form. The Court will not accept additional briefing on any pending motion until a determination has been made regarding whether the Court has subject matter jurisdiction over the parties.

Dated this 17th day of November, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER ON MOTION TO INTERVENE - 6