1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

GENERAL STAR NATIONAL
INSURANCE COMPANY,

Plaintiff,

CASE NO. 2:22-CV-1168-DWC

9

v.

ORDER DISMISSING THE CASE
WITHOUT PREJUDICE

10

11

ASSET REALTY LLC dba CENTURY 21
NORTHWEST, CHARD BARRON
STOREY,

12

Defendants.

13

v.

14

CENTURY 21 REAL ESTATE LLC,

15

16

Intervenor Defendant
and Counterclaim-
Plaintiff.

17

On November 17, 2023, the Court granted Century 21 Real Estate LLC's Motion to

18

Intervene as Defendant and Counterclaim-Plaintiff. Dkt. 66. [1] The Court provided Century 21

19

with an opportunity to decline to consent to a U.S. Magistrate Judge presiding over this case. *Id.*

20

No party has declined consent.

21

Because the Court determined that Century 21 is entitled to intervene as a matter of right,

22

the Court must now determine whether it has subject matter jurisdiction over the parties. After

23

24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the currently named parties have consented to have this matter heard by the undersigned Magistrate Judge.

ORDER DISMISSING THE CASE WITHOUT PREJUDICE - 1

consideration of the relevant record, the Court finds Century 21 is an indispensable party, diversity jurisdiction has been destroyed, and this action must be dismissed.

## I.    Background

Plaintiff General Star National Insurance Company ("General Star") initiated this action for declaratory relief on August 22, 2022. Dkt. 1. General Star issued an insurance policy to Defendant Asset Realty LLC d/b/a Century 21 Northwest ("Asset Realty"). Dkt. 1. Defendants Asset Realty and Chad Barron Storey were named as defendants in a lawsuit filed in the Pierce County Superior Court – a Washington State court ("underlying lawsuit"). *See id*. General Star is currently defending Defendants in the underlying action and has filed this lawsuit seeking a determination that it has no duty to defend and indemnify Defendants in the underlying action under the terms of the insurance policy. *Id*.

On September 25, 2023, the plaintiffs in the underlying action filed a first amended complaint adding Century 21 Real Estate LLC ("Century 21") as a defendant. Dkt. 51 at 5-33. Century 21 has a franchise agreement with Asset Realty. Under the franchise agreement, Asset Realty is required to name Century 21 as an additional insured on all insurance policies listed and maintained by Asset Realty. Dkt. 49; *see also* Dkt. 52 at 30. Century 21 tendered the defense to General Star and, on October 6, 2023, General Star agreed to defend Century 21 under a full reservation of rights. *See* Dkt. 63-1.

On October 2, 2023, Century 21 filed the Motion to Intervene seeking to intervene as a defendant and counterclaim-plaintiff in this action. Dkt. 49. The Court granted the Motion to Intervene and Century 21 was allowed to enter this case as an intervenor defendant and counter-claimant. Dkt. 66. Before determining if this Court retained jurisdiction over this matter, the Court provided Century 21 with an opportunity to decline to consent to have this matter heard by

a U.S. Magistrate Judge. As all parties have now consented, the Court must determine if diversity jurisdiction was destroyed when Century 21 intervened in this case.

## II.    Discussion

The parties do not dispute that the Court has jurisdiction over this matter under diversity jurisdiction. *See* Dkt. 1. Moreover, the parties do not dispute that General Star and Century 21 are both citizens of Delaware. *See* Dkt. 49, 51, 62. "Intervention destroys diversity if the intervening party is indispensable." *Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir. 2006) (citing *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 819 (9th Cir. 1985)). A court determines a party's status as indispensable "in equity and good conscience" under Federal Rule of Civil Procedure 19(b)[2] by considering: (1) adverse consequences to the movant or existing parties from proceeding without the movant; (2) the means available to minimize adverse consequences; (3) adequacy of a judgment in the movant's absence; and (4) the availability of another forum in which the claimant can sue existing parties. *See Aguilar v. L.A. Cnty.*, 751 F.2d 1089, 1094 (9th Cir. 1985). However, "[t]here is no prescribed formula for determining in every case whether a person is an indispensable party." *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 n. 14 (1968). On the contrary, "Rule 19(b) requires the district court to analyze various equitable considerations within the context of particular litigation, rather than to decide a purely legal issue." *Walsh v. Centeio*, 692 F.2d 1239, 1242 (9th Cir. 1982).

Here, the Court finds that Century 21 is an indispensable party. As an additional insured on the insurance contract at issue in this case, Century 21 may potentially suffer adverse consequences if not joined. Moreover, as the Court previously noted, both Asset Realty and

---

[2] "To find that a person who is not joined is 'indispensable,' the absent person must first be deemed necessary as a 'person to be joined if feasible' under Rule 19(a)(1) and (2)." *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002) (citation omitted). The Court's previous ruling finding Century 21 is entitled to intervene as a matter of right satisfies the Rule 19(a) inquiry.

ORDER DISMISSING THE CASE WITHOUT PREJUDICE - 3

Century 21 have an interest in securing the $1 million policy limits of the General Star policy. *See* Dkts. 49, 64, 66. And, Asset Realty must indemnify Century 21 in connection with the underlying action. *See* Dkts. 49, 64, 66. Thus, the parties' interests are potentially in conflict.

While the Court recognizes this case has been pending for over a year and dispositive motions are pending, Century 21 was recently named in the underlying state court action and did not delay in moving to intervene. Any prejudice to General Star due to the delay in resolving this matter is not a result of Century 21's conduct and does not outweigh the potential adverse consequences Century 21 faces. Additionally, the parties can bring this action in state court. As Century 21's interests will not be sufficiently protected unless it is allowed to join, the Court finds, under Rule 19, Century 21 is an indispensable party.

As Century 21 has been allowed to intervene as a necessary party and as Century 21 is an indispensable party, diversity jurisdiction is destroyed and this action must be dismissed. *See HDI Global Specialty SE v. Financial Pacific Insurance Company*, 2021 WL 346417 at *6 (Jan. 21, 2021).

### III.   Conclusion

For the above stated reasons, the Court concludes Century 21 is an indispensable party and, thus, diversity jurisdiction is destroyed. Accordingly, this action is dismissed without prejudice.

Dated this 29th day of November, 2023.

David W. Christel
Chief United States Magistrate Judge